IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAMUEL ARREOLA,  )
        Petitioner,  )  No. C 07-6326 CRB (PR)
    vs.  )  ORDER TO SHOW CAUSE
BEN CURRY, Warden,  )
        Respondent.  )
_____  )

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Prison Terms' ("BPT") May 10, 2005 decision to deny him parole.

**BACKGROUND**

Petitioner was convicted of second degree murder with the use of a knife in Fresno County superior court and, on October 5, 1984, was sentenced to 16 years to life in state prison.

Petitioner has been denied parole each time he has appeared before the BPT (currently the Board of Parole Hearings ("BPH")).  On March 21, 2007, the Supreme Court of California denied his challenge to the BPT's May 10, 2005 decision to deny him parole and a subsequent hearing for two years.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner seeks federal habeas corpus relief from the BPT's May 10, 2005 decision to deny him parole, and a subsequent hearing for two years, on the ground that it does not comport with due process or equal protection. Among other things, petitioner claims that the decision is not supported by some evidence in the record having an indicia of reliability. Liberally construed, petitioner's claims appear colorable under § 2254 and merit an answer from respondent. <u>See</u> <u>Sass v. Cal. Bd. of Prison Terms</u>, 461 F.3d 1123, 1127-29 (9th Cir. 2006) (finding that refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petitions and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

DATED: April 18, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.07\Arreola, S1.osc.wpd                3