1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMBER N. WIPFLER, State Bar No. 238484
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5721
     Fax: (415) 703-5843
8    Email: Amber.Wipfler@doj.ca.gov

9  Attorneys for Respondent Warden B. Curry

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL ARREOLA,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>BEN CURRY, Warden,<br><br>　　　　　　　Respondent. | C 07-6326 CRB<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Honorable Charles R. Breyer |

TO PETITIONER SAMUEL ARREOLA, IN PRO SE:

PLEASE TAKE NOTICE that Respondent Ben Curry, Warden of the Correctional Training Facility, moves this Court to dismiss the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244(d)(1) and Rule 4 of the Federal Rules Governing Habeas Cases, on the ground that the petition is barred by the statute of limitations. This motion is based on the notice and motion, the supporting memorandum of points and authorities, the court records in this action, and other such matters properly before this Court. No hearing is requested.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Arreola is an inmate at the Correctional Training facility, currently serving a fifteen-year-to-life sentence for second degree murder. In a petition for habeas corpus, Arreola alleges that the Board of Parole Hearings unconstitutionally denied parole at his 2005 parole consideration hearing. However, he failed to file his claim within the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Accordingly, Respondent moves to dismiss the petition as untimely.

## LEGAL STANDARD

When presented with a petition for writ of habeas corpus, district court judges may order the respondent to file an answer, motion, or "take such other action as the judge deems appropriate." Federal Rules Governing Habeas Cases, Rule 4. This rule is designed to afford judges flexibility in cases where either dismissal or an order to answer would be inappropriate. Federal Rules Governing Habeas Cases, Rule 4, Advisory Committee's Notes. Specifically, judges may authorize a respondent to make a motion to dismiss in order to "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *Id.*; *see also Lonchar v. Thomas*, 517 U.S. 314, 324 (1996) (recognizing as proper a motion to dismiss federal habeas petition for failure to exhaust state remedies).

## ARGUMENT

### THE PETITION IS UNTIMELY.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a "1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* at (d)(1)(D). Generally, this one-year statute of limitations is tolled from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge. *Id.* at (d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Here, the factual predicate of the claims presented is the Board's decision to deny parole.

1  This decision was announced on May 10, 2005, and became final on September 5, 2005. (Ex. 1, 5/10/05 Parole Hearing Decision at pp. 1, 7.) Arreola filed the current petition on December 13, 2007. Assuming that the limitation period was tolled between March 13, 2006, when Arreola filed his first habeas claim in Fresno County Superior Court, and March 21, 2007, when the California Supreme Court denied the petition, then a total of 454 days applies toward the limitations period.[1/] (Ex. 2, Superior Court Petition; Ex. 3, Supreme Court Denial.) As this number exceeds the 365 days permitted under AEDPA by 89 days, the petition must be dismissed as untimely.

In very rare cases, the one-year statute of limitations for filing a federal habeas petition may be equitably tolled if "extraordinary circumstances make it impossible to file a petition on time." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The burden is on the petitioner to prove that "extraordinary circumstances were the cause of his untimeliness." *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003). Equitable tolling "is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn*, 345 F.3d at 799 (citing *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)) (internal quotation marks omitted). Equitable tolling "is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn*, 345 F.3d at 799 (citing *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)) (internal quotation marks omitted). Specifically, a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Here, Arreola makes no attempt to explain why his petition was filed nearly three months past the AEDPA deadline. Accordingly, he is not entitled to equitable tolling, and the petition must be dismissed as untimely.

---

1. The time between September 5, 2005 (when the decision became final) and March 13, 2006 (when Arreola filed his first state claim) is 187 days. (Exs. 1, 2.) The time between March 21, 2007 (when the California Supreme Court denied the petition) and December 13, 2007 (when Petition filed the current claim) is 267 days. (Ex. 3.) Added together, these two periods total 454 days to be applied against the statute of limitations.

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.        *Arreola v. Curry*
                                                         C 07-6326 CRB

**CONCLUSION**

Under AEDPA standards, a federal habeas petition challenging a parole denial must be filed within a year of the date the petitioner could have discovered the factual predicate of his claim. Not only did Arreola fail to meet this deadline, but he does not provide any evidence that he is entitled to equitable tolling. Respondent therefore requests that the petition for writ of habeas corpus be dismissed as untimely.

Dated: June 17, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

AMBER N. WIPFLER
Deputy Attorney General
Attorneys for Respondent Warden B. Curry

20117104.wpd
SF2008401367

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.

*Arreola v. Curry*
C 07-6326 CRB

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name:     **Arreola v. Curry**

No.:            **C 07-6326 CRB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 17, 2008, I served the attached

**NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES
(W/EXHIBITS 1-3)**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Samuel Arreola
C-94761
Correctional Training Facility
FW-107 L
P.O. Box 689
Soledad, CA 93960-0686
    *In Pro Per*
    *C-94761*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 17, 2008, at San Francisco, California.

|  S. Redd  |  *S. Redd*  |
| :---: | :---: |
| Declarant | Signature |

20117526.wpd